IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARM CREDIT SERVICES OF AMERICA, PCA<br><br>Plaintiff,<br><br>v.<br><br>GEORGE D. PEICHEL AND ANITA MARIE JANSSEN<br><br>Defendants | Case No. 8:21 CV-319<br><br>**COMPLAINT** |

Farm Credit Services of America, PCA ("FCSA PCA"), by and through its undersigned counsel, as and for its Complaint against defendants, George D. Peichel ("George Peichel") and Anita Marie Janssen ("Anita Janssen") (individually, George Peichel and Anita Janssen shall be referred to as "Defendant" and collectively, "Defendants"), alleges as follows:

### THE PARTIES

1.  FCSA PCA is a federally chartered, privately owned cooperative corporation with its principal place of business located in Omaha, Nebraska. FCSA PCA is engaged in the business of extending credit to farmers and agricultural businesses.

2.  Defendant George Peichel is, on information and belief, an adult resident of Fairfax, Nicolet County, Minnesota. At all times relevant to this complaint, George Peichel was an officer, director and shareholder of Prairie's Best Farms, Inc., an entity that received a commercial loan from FCSA PCA, which loan was made in reliance upon a guaranty agreement made by George Peichel in favor of FCSA PCA.

3. Defendant Anita Janssen is, on information and belief, an adult resident of Rush City, Chisago County, Minnesota. At all times relevant to this complaint, Anita Janssen was an officer, director and shareholder of Prairie's Best Farms, Inc., an entity that received a commercial loan from FCSA PCA, which loan was made in reliance upon a guaranty agreement made by Anita Janssen in favor of FCSA PCA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as a result of the complete diversity of the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. This Court has personal jurisdiction over each Defendant because (i) each Defendant expressly submitted to the jurisdiction of this Court through the Guaranties, as defined below; and (ii) each Defendant (a) caused Prairie's Best Farms, Inc., as borrower, to enter into three commercial loan transactions with FCSA PCA, which loan transactions were originated, documented and closed from FCSA PCA's offices in Omaha, Nebraska, and (b) each Defendant executed an unconditional guaranty of payment and performance guarantying the payment and performance of Prairie's Best Farms, Inc. pursuant to such loan transactions.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to FCSA PCA's claims occurred in this judicial district and the claims relate to a commercial real estate agreement governing property located within this judicial district. Additionally, through the Guaranty, each Defendant agreed that venue is proper in this Court.

**FACTUAL ALLEGATIONS**

7. Through three loan transactions (together, the "Loans"), Prairie's Best Farms, Inc. borrowed $3,900,000 from FCSA PCA. Through separate unconditional guaranty of payment agreements, each Defendant agreed (i) to guaranty Prairie's Best Farms, Inc.'s obligations to repay the Loans; and (ii) that FCSA PCA was induced to make the Loans by each Defendant's guaranty obligations.

8. The Loans were documented through three separate Promissory Note (Installment Loan) and Loan Agreement instruments (each, a "Note and Loan Agreement" and together, the "Notes and Loan Agreements").

   a. Through a Note and Loan Agreement dated as of November 4, 2016 (the "$1,000,000 Note and Loan Agreement") by and between FCSA PCA and Prairie's Best Farms, Inc., FCSA PCA advanced $1,000,000 to Prairie's Best Farms, Inc. to be used by Prairie's Best Farms, Inc. in its poultry business. A true and correct copy of the $1,000,000 Note and Loan Agreement is attached hereto as Exhibit A.

   b. Through a Note and Loan Agreement dated as of November 4, 2016 (the "$1,500,000 Note and Loan Agreement") by and between FCSA PCA and Prairie's Best Farms, Inc., FCSA PCA advanced $1,500,000 to Prairie's Best Farms, Inc. to be used by Prairie's Best Farms, Inc. in its poultry business. A true and correct copy of the $1,500,000 Note and Loan Agreement is attached hereto as Exhibit B.

   c. Through a Note and Loan Agreement dated as of April 7, 2017 (the "$1,400,000 Note and Loan Agreement") by and between FCSA PCA and Prairie's Best Farms, Inc., FCSA PCA advanced $1,400,000 to Prairie's Best Farms, Inc. to be used by Prairie's Best

Farms, Inc. in its poultry business. A true and correct copy of the $1,400,000 Note and Loan Agreement is attached hereto as Exhibit C.

9. Each of the Notes and Loan Agreements was executed by Prairie's Best Farms, Inc. through its President, George Peichel. In addition to George Peichel serving as an officer of Prairie Best Farms, Inc., upon information and belief, George Peichel, at all times relevant to this action, was a director and a direct or indirect shareholder in Prairie Best Farms, Inc. Similarly, upon information and belief, at all times relevant to this action, Anita Janssen was an officer, director and a direct or indirect shareholder of Prairie Best Farms, Inc.

10. In connection with the Loans, Defendant George Peichel executed an Unconditional Guaranty of Payment (the "George Peichel Guaranty") on November 4, 2016. A true and correct copy of the George Peichel Guaranty is attached hereto as Exhibit D. Pursuant to the George Peichel Guaranty, Defendant George Peichel:

    a. Absolutely and unconditionally guarantied to FCSA PCA the prompt payment when due owing from Prairie's Best Farms, Inc. to FCSA PCA pursuant to the Notes and Loan Agreements. *See* Exhibit D at pg. 1.

    b. Agreed that the George Peichel Guaranty induced FCSA PCA to make the Loans and that the Loans would not have been extended by FCSA PCA to Prairie's Best Farms, Inc. without the George Peichel Guaranty. *Id*.

    c. Agreed that he is directly and primarily liable to FCSA PCA for all obligations owing from Prairie's Best Farms, Inc. to FCSA PCA and that FCSA PCA shall not be required to first resort to Prairie's Best Farms for payment due and owing under the Loans. *Id*.

     d.     Agreed that upon a default by Prairie's Best Farms, Inc. under any one of the Notes and Loan Agreements, FCSA PCA could declare all amounts evidenced by the Notes and Loan Agreements immediately due and payable without further demand or notice and may enforce Defendant George Peichel's obligation under the George Peichel Guaranty to pay all such amounts. *See* Exhibit D at pg. 2.

     e.     Submitted to the jurisdiction of this Court and agreed that all claims relating to the George Peichel Guaranty may be heard and determined in this Court. *See* Exhibit D at pg. 3.

11.     Also in connection with the Loans, Defendant Anita Janssen executed an Unconditional Guaranty of Payment (the "Anita Janssen Guaranty") on November 4, 2016. A true and correct copy of the Anita Janssen Guaranty is attached hereto as Exhibit E. Pursuant to the Anita Janssen Guaranty, Defendant Anita Janssen:

     a.     Absolutely and unconditionally guaranteed to FCSA PCA the prompt payment when due owing from Prairie's Best Farms, Inc. to FCSA PCA pursuant to the Note and Loan Agreements. *See* Exhibit E at pg. 1.

     b.     Agreed that the Anita Janssen Guaranty induced FCSA PCA to make the Loans and that the Loans would not have been extended by FCSA PCA to Prairie's Best Farms, Inc. without the Anita Janssen Guaranty. *Id*.

     c.     Agreed that he is directly and primarily liable to FCSA PCA for all obligations owing from Prairie's Best Farms, Inc. to FCSA PCA and that FCSA PCA shall not be required to first resort to Prairie's Best Farms for payment due and owing under the Loans. *Id*.

  d. Agreed that upon a default by Prairie's Best Farms, Inc. under any one of the Notes and Loan Agreements, FCSA PCA could declare all amounts evidenced by the Notes and Loan Agreements immediately due and payable without further demand or notice and may enforce Defendant Anita Janssen's obligation under the Anita Janssen Guaranty to pay all such amounts. *See* Exhibit E at pg. 2.

  e. Submitted to the jurisdiction of this Court and agreed that all claims relating to the Anita Janssen Guaranty may be heard and determined in this Court. *See* Exhibit E at pg. 3.

12. Through each Note and Loan Agreement, Prairie's Best Farms, Inc. agreed that:

  a. Prairie's Best Farms, Inc. was obligated to make monthly payments of principal and interest to FCSA PCA to partially repay the subject Loan obligations. *See* Exhibit A at pg. 1; Exhibit B at pg. 1; and Exhibit C at pg. 1;

  b. Each of the Loans was secured by personal and real property owned by Prairie's Best Farms, Inc.. *See* Exhibit A at pg. 2; Exhibit B at pg. 2; and Exhibit C at pg. 2;

  c. The failure of Prairie's Best Farms, Inc. to make payments as and when due constitutes an immediate Event of Default (as defined in each of the Notes and Loan Agreements). *See* Exhibit A at §5; Exhibit B at §5; and Exhibit C at §5;

  d. Upon the occurrence of an Event of Default, FCSA PCA had the right to accelerate and declare immediately due and payable all obligations evidenced by the Notes and Loan Agreements and enforce FCSA PCA's other rights under the Notes and Loan Agreements and applicable law. *See* Exhibit A at §6; Exhibit B at §6; and Exhibit C at §6.

13. Prairie's Best Farms, Inc. failed to make payments under the Notes and Loan Agreements as and when such payments were due. On or about December 1, 2017 FCSA PCA, Prairie's Best Farms, George Peichel, and Anita Janssen entered into a Restructure Agreement pursuant to which Prairie's Best Farms, George Peichel and Anita Janssen agreed and acknowledged that Prairie's Best Farms was unable to pay and perform its obligations pursuant to the Notes and Loan Agreements. A true and correct copy of the Restructure Agreement is attached hereto as Exhibit F.

14. Pursuant to the Restructure Agreement, Prairie's Best Farms, George Peichel and Anita Janssen agreed that:

    a. Prairie's Best Farms, Inc. was obligated to perform and implement an asset sales transaction by and between Prairie's Best Farms, Inc. and Simply Essentials, LLC, including causing Simply Essentials, LLC to make weekly $10,000 payments (the "Weekly Payments") to be delivered to FCSA PCA to be applied to the Loans. *See* Exhibit F at §2(b)(4);

    b. Prairie's Best Farms, Inc. was obligated to pay and perform in accordance with the Notes and Loan Agreements except to the extent otherwise provided in the Restructure Agreement. *See* Exhibit F at §4.

    c. Upon a default, FCSA PCA had the right to accelerate and declare immediately due and payable all obligations evidenced by the Notes and Loan Agreements and enforce FCSA PCA's other rights under the Notes and Loan Agreements, the George Peichel Guaranty, the Anita Janssen Guaranty and/or applicable law. *See* Exhibit F at §4.

15. Prairie's Best Farms, Inc. failed to perform pursuant to the Restructure Agreement and the Notes and Loan Agreements by, inter alia, failing to cause the Weekly Payments to be made and to otherwise make payments as and when due pursuant to the Notes and Loan Agreements.

16. On September 26, 2019, FCSA PCA sent separate default letters to George Peichel and Anita Janssen (together, the "First Default Letters") notifying George Peichel and Anita Janssen that defaults existed under the Restructure Agreement and the Notes and Loan Agreements and demanding payment of the outstanding indebtedness. True and correct copies of the First Default Letters are attached hereto as Exhibit G. Defendants George Peichel and Anita Janssen failed to pay the outstanding indebtedness in response to the First Default Letters.

17. On August 6, 2021, FCSA PCA, through its counsel, sent additional default letters (the "Second Default Letters") to George Peichel and Anita Janssen. True and correct copies of the Second Default Letters are attached hereto as Exhibit H. Through the Second Default Letters George Peichel and Anita Janssen were informed that:

    a. Events of Default exist as a result of Prairie's Best Farms, Inc.'s failure to make the payments as and when due.

    b. As expressly authorized by each of the Notes and Loan Agreements, FCSA PCA has declared all obligations evidenced by the Notes and Loan Agreements immediately due and payable and, as a result of such acceleration, the amount past due and owing from Prairie's Best Farms, Inc., George Peichel and Anita Janssen pursuant to the Loan Documents totals $2,056,564.06 as of August 6, 2021 (the "Outstanding Loan Obligations").

      c.      Interest, fees and costs will accrue from and after August 6, 2021 and will be Obligations under the Notes and Loan Agreements.

      d.      Without creating a contractual cure right and without otherwise amending the Notes and Loan Agreements or creating a course of dealing, as a good faith accommodation, FCSA PCA would unilaterally forbear from exercising its rights and remedies until August 16, 2021 to provide the opportunity to pay and satisfy the Outstanding Loan Obligations plus interest fees and costs that have accrued from and after August 6, 2021.

      e.      Unless the Outstanding Loan Obligations (plus interest fees and costs that have accrued from and after August 6, 2021) are paid to FCSA PCA in full in good funds on or before August 16, 2021, FCSA PCA intended to exercise its rights and remedies by filing a complaint seeking a judgment against each of the Defendants for the entire indebtedness evidenced by the Notes and Loan Agreements, including principal, accrued unpaid interest (including interest at the Default Rate), fees and costs.

18.      Neither Defendant George Peichel nor Defendant Anita Janssen paid the Outstanding Loan Obligations to FCSA PCA prior to August 16, 2021.

19.      As a result of the failure of Prairie's Best Farms, Inc. to pay and perform under the Notes and Loan Agreements and the failure of Defendants George Peichel and Anita Janssen to pay and perform their respective obligations under the George Peichel Guaranty and the Anita Janssen Guaranty, there is presently due and owing to FCSA PCA from each of Defendant George Peichel and Defendant Anita Janssen, jointly and severally, debt totaling $2,056,564.06 as of August 6, 2021 (the "Outstanding Loan Obligations"). Interest, fees and costs will accrue from and after August 6, 2021 and will become indebtedness payable by Defendant George

Peichel and Defendant Anita to FCSA PCA under the George Peichel Guaranty and the Anita Janssen Guaranty, respectively.

## FIRST CAUSE OF ACTION
(BREACH OF CONTRACT---GEORGE PEICHEL GUARANTY)

20. FCSA PCA alleges and incorporates herein by this reference paragraphs 1 through and including 19 of this Complaint.

21. The George Peichel Guaranty constitutes a valid and enforceable contract between FCSA PCA and Defendant George Peichel.

22. Defendant George Peichel has materially breached his obligations under the George Peichel Guaranty by failing to pay certain sums due and owing to FCSA PCA as required by the George Peichel Guaranty.

23. FCSA PCA has performed all of its contractual obligations to Defendant George Peichel and has satisfied any and all conditions precedent to Defendant George Peichel's contractual obligations to FCSA PCA.

24. Defendant's material breaches under the George Peichel Guaranty, as set forth above, have directly and proximately caused damages to FCSA PCA in the amount of $2,056,564.06 as of August 6, 2021 plus interest, fees and costs accruing from and after July 27, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate.

25. As a result of these material breaches, a judgment should be entered against Defendant George Peichel in favor of FCSA PCA in the amount of $2,056,564.06 as of August 6, 2021 plus interest, fees and costs accruing from and after July 27, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate.

## SECOND CAUSE OF ACTION
(BREACH OF CONTRACT---ANITA JANSSEN GUARANTY)

26. FCSA PCA alleges and incorporates herein by this reference paragraphs 1 through and including 25 of this Complaint.

27. The Anita Janssen Guaranty constitutes a valid and enforceable contract between FCSA PCA and Defendant Anita Janssen.

28. Defendant Anita Janssen has materially breached her obligations under the Anita Janssen Guaranty by failing to pay certain sums due and owing to FCSA PCA as required by the Anita Janssen Guaranty.

29. FCSA PCA has performed all of its contractual obligations to Defendant Anita Janssen and has satisfied any and all conditions precedent to Defendant Anita Janssen's contractual obligations to FCSA PCA.

30. Defendant's material breaches under the Anita Janssen Guaranty, as set forth above, have directly and proximately caused damages to FCSA PCA in the amount of $2,056,564.06 as of August 6, 2021 plus interest, fees and costs accruing from and after July 27, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate.

31. As a result of these material breaches, FCSA PCA, a judgment should be entered against Defendant Anita Janssen in favor of FCSA PCA in the amount of $2,056,564.06 as of August 6, 2021 plus (i) interest, fees and costs accruing from and after July 27, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate; and (ii) attorneys' fees.

WHEREFORE, FCSA PCA prays the Court:

A. On the First Cause of Action, enter judgment in favor of FCSA PCA against Defendant George Peichel in the amount of $2,056,564.06 as of August 6, 2021 plus interest,

fees and costs accruing from and after August 6, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate;

B. On the Second Cause of Action, enter judgment in favor of FCSA PCA against Defendant Anita Janssen in the amount of $2,056,564.06 as of August 6, 2021 plus interest, fees and costs accruing from and after August 6, 2021 to the date judgment is entered and post-judgment interest thereafter at the legal rate; and

C. Grant FCSA PCA such other and further relief that the Court may deem just and proper.

FARM CREDIT SERVICES OF
AMERICA, PCA, Plaintiff

By _____
Victoria H. Buter #23841
Jeffrey T. Wegner #18265
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska  68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
vicki.buter@kutakrock.com
jeffrey.wegner@kutakrock.com